ROBERT A. LOWE, ADMINISTRATOR, ET AL. vs. STILES G.
ATWOOD.

*First Judicial District, Hartford, May Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, Js.

A motion to correct should ask to have those paragraphs of the finding
   which are complained of stricken out.
If an examination of the record discloses that there was evidence from
   which the Superior Court could reasonably have made its finding
   of facts, a motion to correct will be denied.
When a deed which has never been delivered is unlawfully taken and
   recorded, an action will lie to obtain a reconveyance of the land.

Argued May 16th—decided July 26th, 1912.

SUIT to obtain a reconveyance of real estate, a deed
of which it is alleged was unlawfully obtained and
recorded, brought to the Superior Court in Litchfield
County and transferred by stipulation of the parties
to the Superior Court in New Haven County and tried
there by *Burpee, J.;* facts found and judgment ren-
dered for the plaintiffs, and appeal by the defendant.
*No error.*

*Francis P. Guilfoile,* for the appellant (defendant).

*William E. Thoms,* for the appellees (plaintiffs).

PER CURIAM.   The only controversy in this case
relates to the defendant's title, claimed by him under a
deed alleged to have been executed by Martha Atwood,
deceased.

It was alleged in the plaintiffs' complaint that this
deed was never delivered, and that during the last
sickness of Mrs. Atwood, or immediately following her

* Transferred from third judicial district.

decease, the defendant unlawfully took possession of this document, and caused the same to be recorded in the land records of the town where the land is situated. These allegations were denied by the defendant.

The finding of the Superior Court states these facts: "1. In August, 1900, Martha Atwood became the sole owner in fee simple of the property described in the complaint, and continued to be such owner and in possession of the same until her death, August 10th, 1909. 2. On said day and at this time said property was worth about $2,500. 3. On January 31st, 1903, Martha Atwood executed the quitclaim deed set out in the complaint, and introduced as plaintiff's Exhibit A. 4. It was not on that day or at any subsequent time said Martha Atwood's intention to deliver said deed or to convey said property to the defendant. 5. Said Martha Atwood never conveyed said property to the defendant, and never delivered said deed to him, but always retained possession of said deed until her death. 6. Just after the death of said Martha Atwood the defendant secretly abstracted said deed from the drawer of a bureau in her bed room, and within two or three hours afterward caused it to be recorded in the land records. 7. The defendant never gave any consideration whatever for said deed. 8. Said Martha Atwood left no property, except the land in question, and her funeral expenses have never been paid. 9. Martha Atwood left no will, and as her only heirs-at-law and next of kin, a daughter, Isadora Pfaff, one of the plaintiffs, and a son, Edward, who has assigned his interest in the estate of Martha Atwood to said Isadora Pfaff. 10. The plaintiff Lowe is the administrator of the estate of Martha Atwood."

The defendant contends that none of the facts set forth in paragraphs four, five, six, seven, and eight of the finding were justified by the evidence, which is

Bristol *v.* Bristol Water Co.

before us under § 797 of the General Statutes, and we are asked to correct the finding as to these paragraphs.

The motion to correct is irregular, in that it does not ask to have the various paragraphs above noticed stricken out. If this court should allow this motion, in compliance with the request of the appellant, we should then have a finding containing a collection of inconsistent statements. For instance, it would contain a statement that the deed in question had not been delivered to the defendant, and another statement that the delivery had been made. Without deciding whether this irregularity would be fatal to the defendant's appeal, it is enough to say that the motion to correct, if properly made, would not be of any benefit to the defendant.

The paragraphs of the finding which the appellant seeks to have corrected lie at the foundation of the defendant's case. With the facts established as found in these various paragraphs, the questions of law attempted to be raised are entirely eliminated from the case. An examination of the record discloses that there was evidence from which the Superior Court could have reasonably made the finding of facts complained of.

The motion to correct is denied.

There is no error.